# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, RAP 40(D), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED:  MARCH 14, 2024
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

## 2022-SC-0475-MR

JEFFREY HEATH HALL                                                                   APPELLANT

V.

ON APPEAL FROM BOYD CIRCUIT COURT
HONORABLE JOHN F. VINCENT, JUDGE
NO. 20-CR-00245

COMMONWEALTH OF KENTUCKY                                         APPELLEE

**MEMORANDUM OPINION OF THE COURT**

**<u>AFFIRMING</u>**

This appeal comes before the Court as a matter of right[1] from Boyd Circuit Court. Jeffrey Hall was tried and convicted for one count of first-degree sodomy, victim under twelve, continuing course of conduct. He was convicted and sentenced to thirty years in prison. On appeal, he alleges only one error— that the trial court erred in allowing testimony of Hall's suspension from work as an employee of Kentucky Fried Chicken. He argues this violated KRE[2] 404(b). Upon review, however, we agree with the Commonwealth that this alleged error, if it was error at all, was invited. Therefore, it is not reviewable upon appeal. Hall's conviction is affirmed.

---

[1] Ky. Const. § 110(2)(b).

[2] Kentucky Rules of Evidence.

The underlying facts are immaterial to our disposition. It suffices to note that Hall was a father figure to B.R.[3] from the time he was an infant, when he, his siblings, and mother, moved in with Hall. B.R. testified that Hall began sodomizing him when he was in kindergarten. In 2020, when B.R. was eight years old, he reported the abuse to his grandmother. This report led to the arrest and charges against Hall.

At trial, B.R., as well as Hall's aunt and father, mentioned Hall's employment at Kentucky Fried Chicken. Hall took the stand in his own defense and testified that he worked there full-time from February 2020 to the end of April or beginning of May 2020. On cross-examination, the Commonwealth asked if Hall had not in fact been suspended from work on February 20. Counsel objected.

At the bench conference, defense counsel argued that he was entitled to notice of the evidence of suspension under KRE 404(c). The Commonwealth argued that Hall had testified to his own history as full-time employee of KFC, and it was entitled to impeach him if that testimony was lie, as evidenced by the employment records noting a suspension on February 20. The Commonwealth had a physical document of the employment record. The trial court agreed that if the employment record came in as evidence, it would be for purposes of impeachment to demonstrate Hall had lied about his employment

---

[3] We use initials to protect the identity of minor victims.

history. Defense counsel was allowed to review the document and the following colloquy occurred:

> Defense: So, you're not going to bring this up?
>
> Commonwealth: We don't have to bring up the details, the content, but he's certainly lying about having been suspended.
>
> Defense: Okay, I don't have a problem with asking, that the question is 'was he suspended?' I have a problem with when this [counsel holds up the employment document] comes in [inaudible].

The trial court overruled the objection and cross-examination continued. The Commonwealth asked if Hall had been suspended on February 20, 2020. Hall testified he had been asked to go home and did not work for the next ten days, at which point he was allowed to come back to KFC and was paid for the time off. He then further explained, without prompting, that the allegation against him (though he did not detail the allegation) was recanted, and that was why he was paid for the time off. The physical document was not admitted into evidence and the Commonwealth moved on.

Evidentiary rulings are subject to an abuse of discretion review. *Mason v. Commonwealth*, 559 S.W.3d 337, 342 (Ky. 2018). Hall maintains on appeal that he was entitled to notice under KRE 404(c) of this evidence because it is prior bad acts testimony. We do not agree. It was Hall who testified about his own employment on direct examination. It was therefore within the trial court's discretion to allow cross-examination about the fact that he did not work at KFC for ten days, even if only a collateral matter. *Commonwealth v. Prater*, 324 S.W.3d 393, 399-400 (Ky. 2010). But even assuming there was error, it was invited because defense counsel conceded to the trial court that he had no

problem with Hall being asked if he was suspended; his only objection was to the physical employment record, presumably detailing the underlying facts about that suspension, being admitted.

> "Generally, a party is estopped from asserting an invited error on appeal." *Quisenberry v. Commonwealth,* 336 S.W.3d 19, 37 (Ky. 2011) (citing *Gray v. Commonwealth,* 203 S.W.3d 679 (Ky. 2006)). "Invited errors amount to a waiver and are not subject to appellate review." *Webster v. Commonwealth,* 438 S.W.3d 321, 324 (Ky. 2014) (citing *Thornton v. Commonwealth,* 421 S.W.3d 372, 376-77 (Ky. 2013)).

*Kelly v. Commonwealth,* 554 S.W.3d 854, 866 (Ky. 2018).

A final consideration is the simple fact that the underlying details of the suspension were not solicited upon cross-examination or re-direct, and the physical document that was the focus of defense counsel's objection was not admitted into evidence. Thus, even though Hall's objection was overruled, the eventuality he sought to forestall did not occur. There simply is no reversible error under any appraisal of the facts. Hall's conviction is affirmed.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Kayla D. Deatherage
Assistant Public Advocate

COUNSEL FOR APPELLEE:

Russell M. Coleman
Attorney General of Kentucky

Courtney J. Hightower
Assistant Attorney General

4